******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOWN OF STRATFORD *v.* WAYNE N. LEBLANC ET AL.
(AC 39179)

Lavine, Alvord and Beach, Js.

*Syllabus*

The plaintiff town brought two actions seeking to foreclose municipal tax
liens on two parcels of real property owned by the defendant L. After
L was defaulted for failure to appear in both actions, the trial court
granted in part the town's motions for judgments of strict foreclosure
and rendered judgments of foreclosure by sale. Thereafter, L filed an
appearance in both actions and motions to open the judgments, claiming,
inter alia, that he did not remember receiving service of process. The
trial court effectively denied the motions to open, but extended the sale
date, and L appealed to this court, claiming that the trial court improperly
failed to open the judgments on the merits. Specifically, L claimed, as
required by the statute (§ 52-212 [a]) governing the opening of a judgment
rendered on a default, both that a good defense existed at the time that
the judgments were rendered, and that he was prevented by mistake,
accident or other reasonable cause from presenting a defense because
his business records had been destroyed by a fire, which affected his
ability to gather records necessary to file appearances, and because
he was under the mistaken belief that the town had abandoned the
foreclosure actions. *Held* that the trial court did not abuse its discretion
in denying the motions to open, L having failed to provide the court
with any sufficient reason for not filing appearances until years after
the entry of the defaults; the court reasonably could have found that
L's failure to appear in the actions until two months after the judgments
were rendered resulted from his own negligence, not as a result of
accident, mistake or other reasonable cause, as L did not file his appear-
ances until more than four years after a fire destroyed his business
records, the fire did not occur until approximately five months after
service and after the defaults had entered, and, thus, the court reasonably
could have concluded that even if L had been under the impression that
the town was not pursuing the foreclosure actions during a period of
time after the defaults had entered, L did not have reasonable cause to
fail to file appearances prior to the defaults; moreover, this court having
concluded that L failed to demonstrate that he was prevented by mistake,
accident or other reasonable cause from presenting a defense, it was
not necessary to address his claim that a good defense existed at the
time that the judgments were rendered, as a party seeking to open a
default judgment must make both required showings pursuant to § 52-
212 (a), and the failure to satisfy either requirement is fatal to a motion
to open.

Argued March 8—officially released August 8, 2017

*Procedural History*

Actions to foreclose municipal tax liens on certain
real property owned by the named defendant, and for
other relief, brought to the Superior Court in the judicial
district of Fairfield, where the named defendant et al.
were defaulted; thereafter, the court, *Hon. Alfred J.
Jennings*, judge trial referee, granted the plaintiff's
motions for judgments of strict foreclosure and ren-
dered judgments of foreclosure by sale; subsequently,
the court, *Hon. William B. Rush*, judge trial referee,
denied the named defendant's motions to open the judg-
ments and rendered judgments of foreclosure by sale;
thereafter, the court, *Hon. William B. Rush*, judge trial
referee, denied the named defendant's motions for alter-
ation or clarification, and the named defendant

appealed to this court. *Affirmed.*

*Steven A. Colarossi,* for the appellant (named defendant).

*Richard C. Buturla,* for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant, Wayne N. LeBlanc,[1] appeals from the judgments of the trial court denying his motions to open the judgments of foreclosure by sale. He claims that the court erred in denying the relief sought in his motions to open. We affirm the judgments of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In July, 2011, the plaintiff, the town of Stratford, commenced a municipal tax lien foreclosure action against the defendant in an effort to collect payment of outstanding real estate taxes levied on the defendant's property on Sunset Avenue in Stratford. The plaintiff also brought a municipal tax lien foreclosure action against the defendant, seeking to collect outstanding real estate taxes and sewer use charges for the defendant's property on Old South Avenue in Stratford. The actions have similar procedural histories. In both actions, the marshal's returns of service, dated July 19, 2011, indicated that she had served the defendant in hand.

On November 8, 2011, the plaintiff filed motions for default for failure to appear against the defendant in the foreclosure actions. The court granted the motions on November 23, 2011. On November 19, 2015, the plaintiff filed motions for judgments of strict foreclosure, stating a tax arrearage of $43,538.02 on the Sunset Avenue property and $82,581.73 on the Old South Avenue property. On November 25, 2015, Southport Secured Lending Fund, LLC, another defendant in the actions; see footnote 1 of this opinion; moved for judgments of foreclosure by sale instead of judgments of strict foreclosure. On December 7, 2015, the court rendered judgments of foreclosure by sale with a sale date of March 5, 2016.

In February, 2016, the defendant filed an appearance in both actions. The defendant filed motions to open the judgments in February, 2016. In the defendant's motions to open, he stated that, although he did not dispute that the foreclosure actions were commenced in 2011, he did not remember receiving service of process. He further stated in his motions to open that he operated a salvage yard under the name Kramer's Recycling Used Auto Parts & Auto Body, Inc. (Kramer's), on two contiguous parcels in Stratford, one of which is the Sunset Avenue property, and that a fire occurred at Kramer's some time after November 23, 2011. He further stated in his motions to open that an escrow agreement had been entered into between him, the plaintiff, and other parties, in October, 2013, wherein the defendant would pay, from the insurance proceeds received as a result of the fire, $40,000 to the plaintiff for past taxes due. The escrow agreement that was attached to the motions to open specified that

"[t]he payments to each party are not intended to represent a complete satisfaction of debts owed to each party . . . ." The defendant and his counsel both filed affidavits in support of the motions to open in which they attested to the occurrence of the fire, and the defendant's affidavit further specified that the fire occurred in December, 2011.

On March 1, 2016, the court held a hearing on the motions to open. The court stated at the hearing that it denied the motions to open,[2] but it extended the sale date to May 7, 2016. This appeal followed.[3]

The defendant claims that the court erred in denying the relief sought in his motions to open, which was the opening of the judgments on the merits.[4] He argues that the first statutory requirement of General Statutes § 52-212 (a)[5] was satisfied because a good defense existed at the time that the judgments were rendered. He further contends that the second statutory requirement was satisfied because he was prevented by "mistake, accident or other reasonable cause" from presenting a defense due to (1) the fact that he had little time to gather records necessary to file appearances before a fire destroyed his business records and (2) a mistaken belief that the plaintiff had abandoned the foreclosure actions as a result of having accepted $40,000 and engaging in ongoing discussions with the defendant regarding payment terms.

"Pursuant to . . . § 52-212 (a), a trial court may set aside a default judgment within four months of the date it was rendered provided that the aggrieved party shows reasonable cause or that a good cause of action or defense existed at the time the judgment was entered. The aggrieved party must additionally demonstrate that he was prevented by mistake, accident or other reasonable cause from prosecuting or defending the original action. General Statutes § 52-212 (a) . . . see also Practice Book § 17-43 (a).

"It is well established that the action of the trial court, in either granting or denying a motion to open a default judgment, lies within its sound discretion. A trial court's conclusions are not erroneous unless they violate law, logic, or reason or are inconsistent with the subordinate facts in the finding. . . . Once the trial court has refused to open a judgment, the action of the court will not be disturbed on appeal unless it has acted unreasonably and in clear abuse of its discretion." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Priest* v. *Edmonds*, 295 Conn. 132, 137, 989 A.2d 588 (2010).

We conclude that the court did not abuse its discretion. At the March 1, 2016 hearing on the motions to dismiss, the court extended the sale date and denied the motions to open. In the absence of a record showing the reasoning of the trial court, we presume that the

court applied the law correctly; we read the record with an eye to support rather than to undermine the judgments. See *Blumenthal* v. *Kimber Mfg., Inc.*, 265 Conn. 1, 9, 826 A.2d 1088 (2003). The defendant did not provide the trial court with any sufficient reason for not filing appearances until years after the entry of the defaults. The court reasonably could have found that the defendant's failure to appear in the actions until approximately two months after the judgments were rendered resulted from his own negligence; therefore, he failed to satisfy the "accident, mistake or other reasonable cause" prong of § 52-212. The defendant stated in his affidavit in support of his motions to open that the fire occurred in December, 2011. The defendant was served with notices of the foreclosure actions on July 19, 2011,[6] but failed to appear. On November 8, 2011, the plaintiff filed its motions for default against the defendant for failure to appear. On November 23, 2011, the court issued notices of default as to the defendant for failure to appear. The defendant did not file appearances in the actions until February, 2016. Although the fire and the alleged resulting loss of business records perhaps presented challenges in defending the foreclosure actions, the defendant failed to appear for more than four years after the fire, and the fire did not occur until approximately five months after service of process, and after the defaults had entered. The court reasonably could have concluded that even if the defendant may have been under the impression that the plaintiff was not pursuing the foreclosure actions during a period of time after the defaults entered, he did not have reasonable cause to fail to file appearances prior to the defaults.

"The burden of demonstrating reasonable cause for the nonappearance is on the defaulted party, and [t]he judgment should not ordinarily be opened if his failure to appear . . . resulted from his own negligence." (Internal quotation marks omitted.) *People's Bank* v. *Horesco*, 205 Conn. 319, 323, 533 A.2d 850 (1987). "A court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority. . . . Negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment." (Citations omitted.) *State* v. *Ritz Realty Corp.*, 63 Conn. App. 544, 548–49, 776 A.2d 1195 (2001). Because the failure to satisfy either prong of § 52-212 is fatal, and the defendant failed to satisfy the reasonable cause prong, we need not address the good defense prong. See *Weinstein & Wisser, P.C.* v. *Cornelius*, 151 Conn. App. 174, 180, 94 A.3d 700 (2014) (movant must satisfy both prongs of § 52-212; failure to meet either prong is fatal). Accordingly, we conclude that the court did not abuse its discretion in denying the defendant's motions to open.

The judgments are affirmed and the cases are

remanded for the purpose of setting new sale dates.

In this opinion the other judges concurred.

[1] Nicholas Kramer, Jr., Gerald DiFlorio, Fairfield County Bank, Southport Secured Lending Fund, LLC, Estate and Heirs of Nicholas J. Kramer, Jr., were also named as defendants in the foreclosure actions. Because LeBlanc filed the present appeal, we will refer to LeBlanc only as the defendant.

[2] The case detail portion of the electronic record in these cases indicates that the motions to open were granted and that a new sale date was ordered. The court stated at the March 1, 2016 hearing on the motions to open that it was not granting the relief sought in the motions to open, but was extending the sale date to help the defendant to "work out all these other problems." The court effectively denied the motions to open for the purpose of revisiting the merits of the actions and, thus, we will treat the court's ruling on the motions as a denial.

[3] The plaintiff argues that the defendant's appeal is untimely because he filed the appeal more than twenty days following the notice of the judgments from which he appealed. See Practice Book § 63-1 (a) ("an appeal must be filed within twenty days of the date notice of the judgment or decision is given"). Because the plaintiff failed to file a motion to dismiss the appeal as untimely within ten days of the defendant's filing of the appeal, as required by Practice Book § 66-8, the plaintiff waived its ability to seek dismissal of the appeal as untimely. See *Connecticut Commercial Lenders, LLC* v. *Teague*, 105 Conn. App. 806, 809, 940 A.2d 831 (2008).

[4] The defendant also contends that the trial court lacked in rem jurisdiction over the properties because the plaintiff was unable to prove the element of its tax foreclosure actions in Practice Book § 10-70 (a) (4) as a result of his $40,000 payment to the plaintiff in 2013. Section 10-70 (a) (4) provides that a plaintiff seeking to foreclose a tax lien must allege and prove that no portion of the tax assessment in question has been paid. In the present case, insurance proceeds from the fire were placed in escrow for partial payment of taxes while the cases were pending in the trial court.

"If a court's jurisdiction is based on its authority over the defendant's person, the action and judgment are denominated 'in personam' and can impose a personal obligation on the defendant in favor of the plaintiff. If jurisdiction is based on the court's power over property within its territory, the action is called 'in rem' or 'quasi in rem.' The effect of a judgment in such a case is limited to the property that supports jurisdiction and does not impose a personal liability on the property owner, since he is not before the court." *Shaffer* v. *Heitner*, 433 U.S. 186, 199, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). The defendant has not explained how the concept of in rem jurisdiction pertains to these actions, nor has he provided us with any authority, and we are not aware of any, stating that a trial court lacks jurisdiction if a question arises over whether the plaintiff can satisfy all the elements of a cause of action.

[5] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[6] The defendant stated in his affidavit in support of his motions to open: "I do not recall being served with the summons and complaint which started this action and the related tax foreclosure action. I understand that there is a return of service filed in this case and I have no reason to doubt the veracity of the state marshal who signed it." The marshal's returns of service were dated July 19, 2011, and they indicated that the defendant had been served in hand.