******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE *v.* ROBERT FRABONI ET AL.
## (AC 40704)

Keller, Elgo and Bright, Js.

### *Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property of the defendant F. After the trial court rendered a judgment of strict foreclosure, it denied F's second motion to open and extended the law day to June 28, 2016. On June 24, 2016, F filed his third motion to open. On June 27, 2016, F filed an untimely appeal from the denial of his second motion to open, and the plaintiff thereafter filed a motion to dismiss that appeal. F subsequently filed a motion for permission to file a late appeal. This court granted the plaintiff's motion to dismiss the June 27 appeal and denied F's motion for permission to file a late appeal. Thereafter, the trial court held a hearing on the defendant's June 24, 2016 motion to open, during which the parties argued whether an appellate stay arose as a result of F's filing of the untimely June 27 appeal and, thus, whether the June 28 law day had expired. Subsequently, the trial court granted the joint motion of the parties to reserve for appellate advice two questions of law: (1) whether, except as otherwise provided by statute or other law, the filing of an appeal after the time to file an appeal has expired automatically stays the trial court proceedings in a noncriminal matter pursuant to the applicable rule of practice (§ 61-11) until the final determination of the cause; and (2) if the answer to the first question was negative, whether the filing of F's untimely appeal in this action resulted in an automatic stay of execution, which tolled the running of his law day, pursuant to § 61-11. *Held:*

1. The first reserved question was answered in the negative: pursuant to the clear language of § 61-11 (a), unless otherwise provided by statute or other law, in noncriminal cases, an automatic stay is in place until the time to file an appeal has expired and, thus, the automatic stay expires when the applicable appeal period expires and the filing of a late appeal does not initiate an automatic stay of execution in a noncriminal case, and although § 61-11 does not set forth the requirement that an appeal be timely for an automatic stay to remain in place, it was clear from an examination of the rule as a whole that only a timely appeal stays the proceedings until the final determination of the cause; moreover, the arguments raised by F under various subsections of § 61-11 did not support a finding that an automatic stay is available for a late appeal, and although F claimed that a defendant in a civil action could be harmed if a late appeal did not reinstate the § 61-11 automatic stay, there was nothing absurd or unworkable about a system that allows a plaintiff to enforce a judgment rendered in its favor when the defendant has not properly exercised his right to challenge that judgment, especially given that a defendant who files a late appeal has remedies available to stop the execution of the judgment, such as requesting a discretionary stay or filing a motion to open the judgment before the running of the law days in a strict foreclosure.

2. The second reserved question was answered in the negative; although the denial of a motion to open a judgment of strict foreclosure is an appealable final judgment itself and distinctly appealable from the underlying judgment, if the appeal from that judgment is not timely filed and no request for a discretionary stay is made and granted, the law day will not be tolled and the appeal will become moot if the law day passes before the appeal is decided, and under the facts as stipulated by the parties, F's late appeal from the denial of his second motion to open the judgment of strict foreclosure did not revive the automatic stay to toll the running of the law day, as the judgment was stayed for twenty days pursuant to § 61-11 after the trial court denied F's second motion to open, that automatic stay expired twenty days later when F failed to file a timely appeal or to request a discretionary stay, and, therefore, the running of the law day was not tolled.

Argued March 19—officially released June 26, 2018

Action to foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Mintz, J.*, rendered a judgment of strict foreclosure; thereafter, the court denied the named defendant's motion to open, and the named defendant appealed to this court, which dismissed the appeal; subsequently, the plaintiff filed an application for execution of ejectment; thereafter, the court, *Mintz, J.*, pursuant to the parties' stipulation, reserved two questions of law for the advice of this court.

*David M. Bizar*, with whom, on the brief, was *J. Patrick Kennedy*, for the appellant (plaintiff).

*Marc T. Miller*, with whom, on the brief, was *Dina E. Nathanson*, for the appellee (named defendant).

*Opinion*

BRIGHT, J. This appeal comes to us on a reservation of a legal issue pursuant to General Statutes § 52-235[1] and Practice Book § 73-1.[2] The stipulation of the parties presents two questions for the advice of this court: (1) "[Except where otherwise provided by statute or other law,] [d]oes the filing of an appeal 'after the time to file an appeal has expired' . . . automatically stay the trial court proceedings in a noncriminal case pursuant to Practice Book § 61-11 until the final determination of the cause?"[3] and (2) "If the answer to the first question is not categorically no, then did the filing of [the] defendant's appeal in this instance 'after the time to file an appeal [had] expired' result in an automatic stay of execution [pursuant to Practice Book § 61-11] which tolled the running of his law day." We answer both questions in the negative.

The parties stipulated to the following relevant facts. "This is a judicial foreclosure action commenced by [the] plaintiff[4] by complaint dated March 4, 2010 . . . . The Superior Court granted . . . a judgment of strict foreclosure . . . on February 6, 2014. . . . [The] defendant's law day was extended multiple times—most recently on May 9, 2016, when the Superior Court denied [the] defendant's April 29, 2016 motion to open the judgment and extended his law day, sua sponte, to June 28, 2016. . . . On June 24, 2016, [the] defendant filed another motion to open [the] judgment (his third in this case) in the Superior Court. . . . On June 27, 2016—[forty-nine] days after the judgment [was rendered]—he filed an appeal [from the court's May 9, 2016 denial of his second motion to open], which was assigned [docket number] AC 39352 in [the Appellate] Court. . . . On July 5, 2016, [the] plaintiff filed a motion to dismiss the appeal, arguing that it was untimely, that the late appeal did not create an appellate stay, and that, because [the] defendant's June 28 law day had passed without [the] defendant exercising the equity of redemption, title had already vested absolutely in [the] plaintiff, rendering the case moot. . . . On July 8, 2016, [the] defendant filed a motion for permission to file a late appeal. . . . On July 13, 2016, [the] defendant filed an objection to the motion to dismiss. . . . On July 18, 2016, [the] plaintiff filed a response in opposition to [the] defendant's motion to file a late appeal. . . . On September 14, 2016, this court granted [the] plaintiff's motion to dismiss . . . . Also on September 14, 2016, this court denied [the] defendant's motion for permission to file a late appeal. . . .

"On November 7, 2016, the Superior Court held a hearing on [the] defendant's June 24, 2016 motion to open. . . . During the hearing, the parties argued about whether an appellate stay ever arose [by the defendant having filed the late appeal] and, thus, whether [the] defendant's June 28 law day had expired. . . . [The]

defendant initially claimed that this court had remanded the case to set a new law day, but the Superior Court pointed out that no remand language appeared in the order dismissing the appeal. . . . The Superior Court also expressed concern that, by demanding that [the] plaintiff seek a new law day, [the] defendant was creating a new 'perpetual motion machine' like the one described in *First Connecticut Capital, LLC* v. *Homes of Westport, LLC,* 112 Conn. App. 750, [966 A.2d 239] (2009). . . . Reluctant to rule on an issue it deemed novel, the Superior Court instructed . . . counsel to consult the Practice Book to figure out a way to certify the issue to the Appellate Court. . . .

"On December 5, 2016, [the] plaintiff filed an application for execution of ejectment ('application'). . . . The next day, [the] defendant filed an objection to the application . . . . On January 9, 2017, the parties appeared before the Superior Court for a hearing on [the] plaintiff's application. . . . At the hearing, [the] defendant once again conceded that the appeal was untimely, but argued that the appellate stay provided by Practice Book § 61-11 applied. . . . [T]he parties [thereafter] filed a joint request to reserve the question to this court, which [then] was granted by the Superior Court on May 8, 2017." (Footnote added.) This court preliminarily accepted the joint reservation of the parties.

We first determine whether we have jurisdiction to decide the reserved questions of law; if we do have jurisdiction, we next determine whether the questions presented appropriately may be answered by way of a reservation. *State* v. *Wang,* 312 Conn. 222, 228, 92 A.3d 220 (2014). "Section 52-235 (a) confers jurisdiction in this court to consider reserved questions 'in all cases in which an appeal could lawfully have been taken to said court had judgment been rendered therein.' " *State* v. *Wang,* supra, 228; see Practice Book § 73-1 (b) ("[r]eservation requests may be brought only in those cases in which an appeal could have been filed directly to the supreme court, or to the appellate court, respectively, had judgment been rendered").

In this case, following a judgment of strict foreclosure by the trial court and this court's dismissal of the defendant's late appeal from the denial of a motion to open that judgment, the plaintiff filed an application and execution for ejectment, using form JD-CV-30, which references General Statutes § 49-22,[5] and the defendant filed an objection thereto. The parties, with the approval of the Superior Court, requested that we undertake to answer two reserved questions. We conclude that we have jurisdiction to do so.

"As did the common law, § 49-22 permits a court, in its discretion and if the mortgagee is so entitled, to issue an execution of a judgment of ejectment in favor of the mortgagee after a successful action to foreclose

the mortgage, as long as the person in possession is a party to the mortgage action. . . . Because § 49-22 requires the trial court to determine whether the mortgagee is entitled both to foreclosure and to possession before issuing an execution of a judgment of ejectment, it expressly contemplates that there may exist circumstances in which a mortgagee is entitled to foreclosure, but is not entitled to possession. Indeed, courts have recognized that, 'in equity, title and possession of premises may not automatically be linked.' " (Emphasis omitted; footnote omitted.) *First Federal Bank, FSB* v. *Whitney Development Corp.*, 237 Conn. 679, 690–91, 677 A.2d 1363 (1996) (reversing judgment granting execution of judgment of ejectment rendered against party tenant in possession of mortgaged property following judgment of strict foreclosure). Furthermore, this court previously has held that a mortgagor can challenge on appeal an execution of ejectment that he claims was issued in violation of the appellate stay. See, e.g., *Wells Fargo Bank of Minnesota, N.A.* v. *Morgan*, 98 Conn. App. 72, 84–85, 909 A.2d 526 (2006). Similarly, a foreclosure plaintiff would have the right to appeal from a decision of the trial court denying its application for the issuance of an execution of ejectment. Accordingly, we conclude that this is a case in which an appeal could have been filed had judgment been rendered.

Notwithstanding our jurisdiction to decide these reserved questions, in accordance with the standards articulated in Practice Book § 73-1, we also must determine whether we *should* entertain the questions. *State* v. *Wang*, supra, 312 Conn. 229. "Section 73-1 (f) provides that '[t]he court will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case, and it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action.' " Id. "Neither our Supreme Court nor this court is bound to entertain a reservation, and whether it will do so rests in its discretion. . . . The extent to which we will entertain a reservation also rests in the discretion of this court." (Citation omitted; internal quotation marks omitted.) *Capel* v. *Plymouth Rock Assurance Corp.*, 141 Conn. App. 699, 704, 62 A.3d 582 (2013). The reserved questions meet the settled criteria under our rules of practice because the questions are reasonably certain to enter into the decision on the plaintiff's application for an execution of ejectment. Accordingly, we will proceed to answer them.

Our analysis of the parties' reserved questions requires us to construe Practice Book § 61-11,[6] particularly subsection (a). "The interpretive construction of the rules of practice is to be governed by the same principles as those regulating statutory interpretation. . . . The interpretation and application of a statute,

and thus a Practice Book provision, involves a question of law over which our review is plenary. . . . In seeking to determine [the] meaning [of a statute or a rule of practice, we] . . . first . . . consider the text of the statute [or rule] itself and its relationship to other statutes [or rules]. . . . If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence . . . shall not be considered. . . . When [the provision] is not plain and unambiguous, we also look for interpretive guidance to the . . . history and circumstances surrounding its enactment, to the . . . policy it was designed to implement, and to its relationship to existing [provisions] and common law principles governing the same general subject matter . . . . We recognize that terms [used] are to be assigned their ordinary meaning, unless context dictates otherwise. . . . Put differently, we follow the clear meaning of unambiguous rules, because [a]lthough we are directed to interpret liberally the rules of practice, that liberal construction applies only to situations in which a strict adherence to them [will] work surprise or injustice." (Citations omitted; internal quotation marks omitted.) *Meadowbrook Center, Inc.* v. *Buchman*, 328 Conn. 586, 594–95,   A.3d   (2018).

The plaintiff argues that Practice Book § 61-11 is plain and unambiguous. As to subsection (a), the plaintiff argues that the second sentence of that subsection complements the first sentence, requiring, under our well established principles of statutory construction, that both sentences be read together to secure the proper meaning and intent of the rule. According to the plaintiff, when read together, the first two sentences of § 61-11 (a) "stay the enforcement of a final judgment . . . to permit aggrieved parties the opportunity to appeal up until the time for exercising that right expires, and then *extend* . . . such a stay until the final determination of the cause *if* an appeal is [*timely*] filed. . . . [N]othing in the text creates a new stay [after] the former stay terminates and the appellant . . . [decides to file a late appeal] after the deadline." (Emphasis altered.) The plaintiff further argues that, under § 61-11 (a), "any automatic stay of execution ends when the appeal period expires . . . . [N]o new automatic stay arises for a late filed appeal."

The defendant also argues that Practice Book § 61-11 is plain and unambiguous. His reading of the rule, however, differs from that of the plaintiff. The defendant contends, contrary to the plaintiff, that the second sentence of subsection (a) should be read independently from the first sentence, and that it means exactly what it says: "If an appeal is filed, such proceedings shall be stayed until the final determination of the cause." The defendant argues that there is nothing in that sentence that says the appeal must be timely filed

in order for a stay to be initiated. The defendant further contends that other parts of § 61-11, particularly subsections (b) and (c), "explicitly list the types of matters for which no automatic stay is permitted under . . . [§] 61-11 (a)." He argues: "An appeal filed outside the [twenty] day appeal period is not included on this list of matters where no automatic appellate stay is available." He contends, therefore, that the fact that the rule does not mention a late appeal, supports his position that, as § 61-11 (a) clearly states: "If an appeal is filed, such proceedings shall be stayed until the final determination of the cause." The defendant, citing to *Stratford* v. *LeBlanc*, 175 Conn. App. 362, 167 A.3d 1015 (2017), and *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, 133 Conn. App. 536, 37 A.3d 766 (2012), also contends that our appellate case law supports his argument. He argues that, in these foreclosure cases, despite acknowledging that the appeals were late, we remanded *White Water Mountain Resorts of Connecticut, Inc.*, to the trial court with direction to reset the law days, and we remanded *LeBlanc* to the trial court with direction to set a new sale date.

Although the parties' agree that Practice Book § 61-11 is plain and unambiguous, they each advance a different interpretation of that rule. On the basis of our own consideration of the language of § 61-11 and its relationship to other rules, particularly Practice Book § 61-12[7]; see General Statutes § 1-2z ("[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes"); although we agree that Practice Book § 61-11 is plain and unambiguous, we conclude that the plaintiff's interpretation of the rule is accurate. See *Honulik* v. *Greenwich*, 293 Conn. 698, 710–11, 980 A.2d 880 (2009) ("[t]he mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous" [internal quotation marks omitted]). Specifically, we conclude that, pursuant to Practice Book § 61-11, unless otherwise provided by statute or other law, the filing of a late appeal does not revive the automatic stay of execution in a noncriminal case. Accordingly, we also conclude that the defendant's late appeal from the denial of his second motion to open the judgment of strict foreclosure did not revive the automatic stay to toll the running of the law day.

I

We address the first reserved question, "[except where otherwise provided by statute or other law,] [d]oes the filing of an appeal 'after the time to file an appeal has expired' . . . automatically stay the trial court proceedings in a noncriminal case pursuant to Practice Book § 61-11 until the final determination of the cause," and we answer that question in the negative.

In construing the meaning of Practice Book § 61-11, in accordance with § 1-2z, we first turn to the language of the rule. Subsection (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ." Subsection (b) provides in relevant part: "Under this section, there shall be no automatic stay in actions concerning attorneys . . . juvenile matters . . . or in any administrative appeal except as otherwise provided in this subsection." Subsection (c) provides in relevant part: "Unless otherwise ordered, no automatic stay shall apply to orders of relief from physical abuse . . . to orders for exclusive possession of a residence . . . to orders of periodic alimony, support, custody or visitation in family matters brought . . . or to any decision of the superior court in an appeal of a final determination of a support order by a family support magistrate . . . ." Subsection (d) provides in relevant part: "In all cases not governed by subsection (c), termination of a stay may be sought in accordance with subsection (e) of this rule. . . ." Subsection (e) provides in relevant part: "A motion to terminate a stay of execution filed before judgment is entered shall be filed with the trial court . . . . If such a motion is filed after judgment but before an appeal is filed, the motion shall be filed with the clerk of the trial court . . . . After an appeal is filed, such a motion shall be filed with the appellate clerk and shall be forwarded by the appellate clerk to the trial judge for a decision. . . ." Finally, subsection (f) provides in relevant part: "Requests for a stay pending appeal where there is no automatic stay shall be governed by Section 61-12. . . ."

The text of Practice Book § 61-11 (a) dictates that, unless otherwise provided by statute or other law, in noncriminal cases, an automatic stay is in place "*until the time to file an appeal has expired.*" (Emphasis added.) Clearly then, the automatic stay expires when the applicable appeal period expires. The second sentence of the rule then provides that "[i]f an appeal is filed, such proceedings shall be stayed until the final determination of the cause." We acknowledge that subsection (a) certainly could be more explicit in its second sentence by setting forth the requirement that an appeal be *timely* for the automatic stay to remain in place. Nevertheless, examining § 61-11 as a whole, as we must, it is clear to us that, unless otherwise established by statute or other law, only a timely appeal stays the proceedings "until the final determination of the cause."

As this court recently explained: "It is axiomatic that, with limited exceptions, an appellate stay of execution

arises from the time a judgment is rendered until the time to file an appeal has expired. Practice Book § 61-11 (a). If an appeal is filed, any appellate stay of execution in place during the pendency of the appeal period continues until there is a final disposition of the appeal or the stay is terminated. Practice Book § 61-11 (a) and (e). If no appeal is filed, *the stay automatically terminates with the expiration of the appeal period.*" (Emphasis added.) *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 99, 172 A.3d 1263 (2017). "[When] no appeal [is] filed from [a] judgment of strict foreclosure . . . any initial appellate stay of execution that arose when that judgment was rendered expire[s] after the appeal period for that judgment ha[s] run . . . . [Nevertheless, a] party [may seek] a discretionary stay of execution with respect to the foreclosure judgment.[8] Accordingly, [if] there [is] no appellate stay in effect when the law days [begin] to run . . . absolute title to the property transfer[s] to the plaintiff as a matter of law after all law days expired." (Footnote altered.) Id., 100–101. "[T]he automatic tolling of the law days is necessary in the context of filing an appeal because otherwise defendants would be deprived of their rights to file *a timely appeal* and to redeem." (Emphasis added.) *Deutsche Bank National Trust Co.* v. *Pardo*, 170 Conn. App. 642, 653 n.11, 155 A.3d 764, cert. denied, 325 Conn. 912, 159 A.3d 231 (2017).

The defendant argues that Practice Book "§ 61-11 (b) and (c) explicitly list the types of matters for which no automatic stay is permitted under [§] 61-11 (a). An appeal filed outside the [twenty] day appeal period is not included on this list of matters where no automatic appellate stay is available. Practice Book [§] 61-11 (d) and (e) provide the mechanism for terminating the automatic stay that is otherwise available under Practice Book § 61-11 (a), and [§] 61-11 (f) provides the mechanism for obtaining a stay of proceedings when the matter is one in which no automatic stay is provided under [§] 61-11 (b) and (c)." We disagree.

First, subsections (b) and (c) of Practice Book § 61-11 list only the types of matters as to which there is no automatic stay. They do not address the timing requirement set forth in § 61-11 (a). If anything, the language of § 61-11 (b) supports our interpretation of § 61-11 (a). Section 61-11 (b) provides that "any stay that was in effect during the pendency of any administrative appeal in the trial court shall continue until the filing of an appeal or the expiration of the appeal period, or any new appeal period, as provided in Section 63-1." Thus, like in § 61-11 (a), once the appeal period expires, so does the existing stay.

Practice Book § 61-11 (f), which is entitled "Motions to request stay," provides in relevant part: "Requests for a stay pending appeal where there is no automatic stay shall be governed by Section 61-12." Nowhere in

subsection (f) does it provide that a request for a stay can be made only in matters where there is no automatic stay as provided under § 61-11 (b) and (c). Rather, subsection (f) directs a party to request a stay "where there is no automatic stay" by using the procedure set forth in § 61-12.

Practice Book § 61-12 provides in relevant part: "In noncriminal matters in which the automatic stay provisions of Section 61-11 are not applicable . . . any motion for a stay of the judgment . . . shall be filed in the trial court. . . . Such a motion may also be filed before judgment and may be ruled upon at the time judgment is rendered . . . . The motion shall be considered on an expedited basis . . . ." Clearly, taken together, these rules also provide a means to request a stay of execution in a noncriminal case when the automatic stay has expired, i.e. there is no automatic stay, and a late appeal is filed.

The defendant also argues that Practice Book § 61-11 (g) and (h) "make no mention of the automatic stay being unavailable for late filed appeals." Although we agree with the defendant's statement, we disagree that it supports his argument that, pursuant to subsection (a), an automatic stay is created, or recreated, when a late appeal is filed. Section 61-11 (g) addresses only the issue of how many times a foreclosure defendant is entitled to an automatic stay while appealing denials of motions to open. It in no way modifies the timing requirement of § 61-11 (a). Similarly, § 61-11 (h) addresses only a last minute motion to open filed by a foreclosure defendant to disrupt a scheduled foreclosure sale. It does not expand a foreclosure defendant's rights to an automatic stay. To the contrary, it "stays" only the filing of a motion to approve the sale "until the expiration of the appeal period following the denial of the motion [to open] without an appeal having been filed." Practice Book § 61-11 (h). Consistent with our interpretation of § 61-11 (a), this language provides the defendant with relief only if he files a timely appeal.

Additionally, the defendant argues that the plaintiff's interpretation of Practice Book § 61-11 "would yield an absurd and unworkable result" because it would permit an execution on a judgment for millions of dollars and the seizure of bank accounts despite the filing of an appeal, albeit, a late appeal. He also argues that it would permit title to pass in a foreclosure case, even after an appeal, again, albeit, a late appeal, has been filed. The final example given by the defendant in support of his argument that the plaintiff's interpretation "would yield an absurd and unworkable result" is that, if Connecticut still had a death penalty, we could be in a situation where the plaintiff's reading of § 61-11 "conceivably [could result] in the state ending the life of someone whose death penalty conviction is validly before this court on appeal. . . . Without a stay in place for a

late filed appeal, appellees could execute on judgments issued by the trial court at [its] leisure, while those very same judgments remained in doubt on appeal." Clearly, the defendant is misguided in this final argument; § 61-11 applies only in noncriminal matters.

As to the first two arguments, we also are not persuaded. Although the defendant is concerned that a defendant in a civil action could be harmed if a late appeal did not reinstate the automatic Practice Book § 61-11 stay, we conclude that there is nothing absurd or unworkable about a system that allows a plaintiff to enforce a judgment rendered in its favor when the defendant has not properly exercised his right to challenge that judgment. Indeed, it seems more absurd to construe the rule to allow a party who has sat on his rights to use an untimely appeal to reinstate the expired automatic stay and thereby thwart a plaintiff's legally proper efforts to collect or to proceed with a foreclosure once a judgment has been rendered and the defendant has failed to file a timely appeal. Furthermore, the defendant who files a late appeal still has remedies available to him to stop the execution of the judgment. The defendant can request a discretionary stay under Practice Book §§ 61-11 (f) and 61-12 in such instances, or file a motion to open the judgment before the running of the law days in a strict foreclosure, in accordance with General Statutes § 49-15 and Practice Book §§ 61-11 and 63-1.

Finally, the defendant points us to two foreclosure cases from this court where, after considering the defendants' late filed appeals, we remanded the cases to the trial court to either reset the law day or reset the sale date. See *Stratford* v. *LeBlanc*, supra, 175 Conn. App. 362; *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, supra, 133 Conn. App. 536. We do not find either decision helpful to our analysis. Although both appeals were filed late, the plaintiffs had waived any objection to their late filing because they had not filed motions to dismiss the late appeals pursuant to Practice Book § 66-8. See *Stratford* v. *LeBlanc*, supra, 365 n.3; *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, supra, 542–43. Although we do recognize that this court remanded those cases to the trial court for a resetting of the law days or the resetting of the sale date, respectively, the issue of whether the Practice Book § 61-11 automatic stay had expired was not raised on appeal, and, therefore, this court did not consider it. Accordingly, we do not find these cases helpful to our analysis. In fact, both our Supreme Court and this court consistently have described the right to an automatic stay as arising out of a timely filed appeal. See, e.g., *Connecticut National Mortgage Co.* v. *Knudsen*, 323 Conn. 684, 689, 105 A.3d 675 (2016) ("the defendant's filing of [an] appeal *within twenty days of [the] judgment* continue[s] the stay 'until the final determination of [the appeal]' " [emphasis

added]); *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 347, 579 A.2d 1054 (1990) (holding that "[t]he *seasonable filing* of a notice of appeal . . . operates as a stay of further proceedings under a judgment of foreclosure" [emphasis added; internal quotation marks omitted]); *Deutsche Bank National Trust Co. v. Pardo*, supra, 170 Conn. App. 653 n.11 (recognizing purpose of automatic stay in foreclosure proceedings is protection of defendant's right to "file a *timely* appeal and to redeem" and that rule exists to "provide that proceedings to enforce or carry out the judgment or order shall be automatically stayed *until the time to file an appeal has expired*" [emphasis added; internal quotation marks omitted]); *Brooklyn Savings Bank v. Frimberger*, 29 Conn. App. 628, 631, 617 A.2d 462 (1992) (holding that a "stay remains in effect until the disposition of this appeal *because* the defendant's appeal was *timely* filed during the appeal period" [emphasis added]).

Having considered the parties' first reserved question, "[except where otherwise provided by statute or other law,] [d]oes the filing of an appeal 'after the time to file an appeal ha[d] expired' . . . automatically stay the trial court proceedings in a noncriminal case pursuant to Practice Book § 61-11 until the final determination of the cause," we answer that question in the negative. (Emphasis added.) Specifically, we conclude that, pursuant to Practice Book § 61-11, unless otherwise provided by statute or other law, the filing of a late appeal does not initiate an automatic stay of execution in a noncriminal case.

## II

We next address the second reserved question, "did the filing of [the] defendant's appeal in this instance 'after the time to file an appeal has expired' result in an automatic stay of execution [pursuant to Practice Book § 61-11] which tolled the running of his law day," and we answer that question in the negative. (Emphasis added.)

The defendant in this case has not identified any statute or law other than Practice Book § 61-11 (a) as the basis for his argument that his late filed appeal resulted in an automatic stay. Consequently, under the facts stipulated to by the parties, it is clear that the defendant's late filed appeal did not trigger an automatic stay. The defendant filed his second motion to open the judgment of strict foreclosure, which the trial court denied on May 9, 2016. Pursuant to Practice Book §§ 61-11 and 63-1, that judgment was stayed for twenty days. On June 27, 2016, clearly well beyond the twenty day appeal period, the defendant filed an appeal from that denial, which, upon motion by the plaintiff, this court then dismissed, without a written opinion. The law day in this case had been set for June 28, 2016. Although there had been an automatic stay from the court's May

9, 2016 denial of the defendant's second motion to open, that automatic stay expired twenty days later when the defendant failed to file a timely appeal. No request for a discretionary stay was made by the defendant. Accordingly, the running of the law day was not tolled. In summation, although "[t]he denial of a motion to open a judgment of strict foreclosure is an appealable final judgment itself and distinctly appealable from the underlying judgment"; *Connecticut National Mortgage Co.* v. *Knudsen*, supra, 323 Conn. 687 n.8; if the appeal from that judgment is not timely filed and no request for a discretionary stay is made and granted, the law day will not be tolled and the appeal will become moot if the law day passes before the appeal is decided. See Practice Book §§ 61-11 and 61-12.

Accordingly, we answer the second reserved question in the negative. The defendant's late appeal from the denial of his second motion to open the judgment of strict foreclosure did not revive the automatic stay, under Practice Book § 61-11, to toll the running of the law day.

The first reserved question is answered: "No." The second reserved question is answered: "No."

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.

[1] General Statutes § 52-235 provides: "(a) The Superior Court, or any judge of the court, with the consent of all parties of record, may reserve questions of law for the advice of the Supreme Court or Appellate Court in all cases in which an appeal could lawfully have been taken to said court had judgment been rendered therein.

"(b) The court or judge making the reservation shall, in the judgment, decree or decision made or rendered in such cases, conform to the advice of the Supreme Court or the Appellate Court."

[2] Practice Book § 73-1 provides: "(a) Counsel may jointly file with the superior court a request to reserve questions of law for consideration by the supreme court or appellate court. A reservation request shall set forth: (1) a stipulation of the essential undisputed facts and a clear and full statement of the question or questions upon which advice is desired; (2) a statement of reasons why the resolution of the question by the appellate court having jurisdiction would serve the interest of simplicity, directness and judicial economy; and (3) whether the answers to the questions will determine, or are reasonably certain to enter into the final determination of the case. All questions presented for advice shall be specific and shall be phrased so as to require a Yes or No answer.

"(b) Reservation requests may be brought only in those cases in which an appeal could have been filed directly to the supreme court, or to the appellate court, respectively, had judgment been rendered. Reservations in cases where the proper court for the appeal cannot be determined prior to judgment shall be filed directly to the supreme court."

[3] We have reframed the first question by adding the bracketed text and replacing the word "ever" with an ellipses because, as originally proposed, it was too broad. See *Gianetti* v. *Norwalk Hospital*, 211 Conn. 51, 57, 557 A.2d 1249 (1989) (reframing questions in reservation that parties had framed too broadly).

[4] The plaintiff, Deutsch Bank National Trust Company, as trustee for Freemont Home Loan Trust Series 2006-3, Asset-Backed Certificates, Series 2006-3, commenced this action against the defendants, Robert Fraboni and Louise Fraboni. Louise Fraboni has not participated in this reservation and, therefore, our references to the defendant are to Robert Fraboni.

[5] General Statutes § 49-22 provides in relevant part: "(a) In any action brought for the foreclosure of a mortgage or lien upon land, or for any equitable relief in relation to land, the plaintiff may, in his complaint, demand

possession of the land, and the court may, if it renders judgment in his favor and finds that he is entitled to the possession of the land, issue execution of ejectment, commanding the officer to eject the person or persons in possession of the land no fewer than five business days after the date of service of such execution and to put in possession thereof the plaintiff or the party to the foreclosure entitled to the possession by the provisions of the decree of said court, provided no execution shall issue against any person in possession who is not a party to the action except a transferee or lienor who is bound by the judgment by virtue of a lis pendens. The officer shall eject the person or persons in possession and may remove such person's possessions and personal effects and deliver such possessions and effects to the place of storage designated by the chief executive officer of the town for such purposes. . . ."

[6] Practice Book § 61-11 provides: "(a) Automatic stay of execution

"Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. If the case goes to judgment on appeal, any stay thereafter shall be in accordance with Section 71-6 (motions for reconsideration), Section 84-3 (petitions for certification by the Connecticut supreme court), and Section 71-7 (petitions for certiorari by the United States supreme court).

"(b) Matters in which no automatic stay is available under this rule

"Under this section, there shall be no automatic stay in actions concerning attorneys pursuant to chapter 2 of these rules, in juvenile matters brought pursuant to chapters 26 through 35a, or in any administrative appeal except as otherwise provided in this subsection.

"Unless a court shall otherwise order, any stay that was in effect during the pendency of any administrative appeal in the trial court shall continue until the filing of an appeal or the expiration of the appeal period, or any new appeal period, as provided in Section 63-1. If an appeal is filed, any further stay shall be sought pursuant to Section 61-12.

"For purposes of this rule, 'administrative appeal' means an appeal filed from a final judgment of the trial court or the compensation review board rendered in an appeal from a decision of any officer, board, commission, or agency of the state or of any political subdivision thereof. In addition to appeals filed pursuant to the Uniform Administrative Procedure Act, 'administrative appeal' includes, among other matters, zoning appeals, teacher tenure appeals, tax appeals and unemployment compensation appeals.

"(c) Stays in Family Matters and Appeals from Decisions of the Superior Court in Family Support Magistrate Matters

"Unless otherwise ordered, no automatic stay shall apply to orders of relief from physical abuse pursuant to General Statutes § 46b-15, to orders for exclusive possession of a residence pursuant to General Statutes §§ 46b-81 or 46b-83 or to orders of periodic alimony, support, custody or visitation in family matters brought pursuant to chapter 25, or to any decision of the superior court in an appeal of a final determination of a support order by a family support magistrate brought pursuant to chapter 25a, or to any later modification of such orders. The automatic orders set forth in Section 25-5 (b) (1), (2), (3), (5) and (7) shall remain in effect during any appeal period and, if an appeal is filed, until the final determination of the cause unless terminated, modified or amended further by order of a judicial authority upon motion of either party.

"Any party may file a motion to terminate or impose a stay in matters covered by this subsection, either before or after judgment is rendered, based upon the existence or expectation of an appeal. Such a motion shall be filed in accordance with the procedures in subsection (e) of this rule or Section 61-12. The judge hearing such motion may terminate or impose a stay of any order, pending appeal, as appropriate, after considering (1) the needs and interests of the parties, their children and any other persons affected by such order; (2) the potential prejudice that may be caused to the parties, their children and any other persons affected, if a stay is entered, not entered or is terminated; (3) if the appeal is from a judgment of dissolution, the need to preserve, pending appeal, the mosaic of orders established in the judgment; (4) the need to preserve the rights of the party taking the appeal to obtain effective relief if the appeal is successful; (5) the effect, if any, of the automatic orders under Section 25-5 on any of the foregoing considerations; and (6) any other factors affecting the equities of the parties.

"The judge who entered the order in a family matter from which an appeal

lies may terminate any stay in that matter upon motion of a party as provided in this subsection or sua sponte, after considering the factors set forth in this subsection or if the judge is of the opinion that an extension of time to appeal is sought or the appeal is filed only for delay. Whether acting on a motion of a party or sua sponte, the judge shall hold a hearing prior to terminating the stay.

"(d) Termination of stay

"In all cases not governed by subsection (c), termination of a stay may be sought in accordance with subsection (e) of this rule. If the judge who tried the case is of the opinion that (1) an extension to appeal is sought, or the appeal is filed, only for delay or (2) the due administration of justice so requires, the judge may at any time, upon motion or sua sponte, order that the stay be terminated. Whether acting on a motion of a party or sua sponte, the judge shall hold a hearing prior to terminating the stay.

"(e) Motions to terminate stay

"A motion to terminate a stay of execution filed before judgment is entered shall be filed with the trial court, and the judge who tried or presided over the matter may rule upon the motion when judgment is entered. If such a motion is filed after judgment but before an appeal is filed, the motion shall be filed with the clerk of the trial court and may be ruled upon by the trial judge thereafter. After an appeal is filed, such a motion shall be filed with the appellate clerk and shall be forwarded by the appellate clerk to the trial judge for a decision. If the judge who tried or presided over the case is unavailable, the motion shall be forwarded to the clerk of the trial court in which the case was tried, who shall assign the motion for a hearing and decision to any judge of the superior court.

"Upon hearing and consideration of the motion, the trial court shall file with the clerk of the trial court its written or oral memorandum of decision that shall include the factual and legal basis therefor. If oral, the decision shall be transcribed by the court reporter and signed by the trial court. If an appeal has not been filed, the clerk shall enter the decision on the trial court docket and shall send notice of the decision to counsel of record. If an appeal has been filed, the clerk of the trial court shall enter the decision on the trial court docket and send notice of the decision to the appellate clerk, and the appellate clerk shall issue notice of the decision to all counsel of record.

"(f) Motions to request stay

"Requests for a stay pending appeal where there is no automatic stay shall be governed by Section 61-12.

"(For stays of execution in criminal cases, see Section 61-13; for stays in death penalty cases, see Section 61-15.)

"(g) Strict Foreclosure—Motion Rendering Ineffective a Judgment of Strict Foreclosure

"In any action for foreclosure in which the owner of the equity has filed, and the court has denied, at least two prior motions to open or other similar motion, no automatic stay shall arise upon the court's denial of any subsequent contested motion by that party, unless the party certifies under oath, in an affidavit accompanying the motion, that the motion was filed for good cause arising after the court's ruling on the party's most recent motion. Such affidavit shall recite the specific facts relied on in support of the moving party's claim of good cause. If, notwithstanding the submission of such an affidavit of good cause, the plaintiff contends that there is no good cause to stay the court's judgment of strict foreclosure pending resolution of the appeal, the plaintiff may seek termination of the automatic stay by filing a motion requesting such relief accompanied by an affidavit stating the basis for the plaintiff's claim. In the event such a motion to terminate stay is filed, it shall be set down for argument and the taking of evidence, if necessary, on the second short calendar next following the filing of the motion. There shall be no automatic appellate stay in the event that the court grants the motion to terminate the stay and, if necessary, sets new law dates. There shall be no automatic stay pending a motion for review of an order terminating a stay under this subsection.

"(h) Foreclosure by Sale—Motion Rendering Ineffective a Judgment of Foreclosure by Sale

"In any action for foreclosure in which the owner of the equity has filed a motion to open or other similar motion, which motion was denied fewer than twenty days prior to the scheduled auction date, the auction shall proceed as scheduled notwithstanding the court's denial of the motion, but no motion for approval of the sale shall be filed until the expiration of the appeal period following the denial of the motion without an appeal having

been filed. The trial court shall not vacate the automatic stay following its denial of the motion during such appeal period."

[7] Practice Book § 61-12 provides in relevant part: "In noncriminal matters in which the automatic stay provisions of Section 61-11 are not applicable and in which there are no statutory stay provisions, any motion for a stay of the judgment or order of the superior court pending appeal shall be filed in the trial court. If the judge who tried the case is unavailable, the motion may be decided by any judge of the superior court. Such a motion may also be filed before judgment and may be ruled upon at the time judgment is rendered unless the court concludes that a further hearing or consideration of such motion is necessary. A temporary stay may be ordered sua sponte or on written or oral motion, ex parte or otherwise, pending the filing or consideration of a motion for stay pending appeal. The motion shall be considered on an expedited basis and the granting of a stay of an order for the payment of money may be conditional on the posting of suitable security. . . ."

[8] Certainly, although no automatic stay may arise, any party may request the imposition of a discretionary stay pending appeal in accordance with Practice Book §§ 61-11 (f) and 61-12.

---