******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## KRISTY L. BOUFFARD *v.* JAMIE G. LEWIS
### (AC 44174)

Bright, C. J., and Alvord and Suarez, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff had previously been dissolved, appealed from the trial court's denial of his motion to modify alimony and child support and from the granting of the plaintiff's motion for contempt relating to the defendant's failure to make alimony and child support payments. The trial court ordered the defendant to make payments of the alimony and child support arrearages in granting the motion for contempt. The defendant claimed that his obligation to make the payments was stayed by filing an appeal. Thereafter, the trial court ordered an appellate stay on the defendant's obligation to make the payments, and the plaintiff filed a motion for review to this court, claiming that the court's imposition of a stay was improper. *Held* that the trial court's orders to the defendant to make payments of periodic alimony and child support arrearages were not subject to an automatic appellate stay both by virtue of the relevant rule of practice (§ 61-11 (c)) and because the orders were issued in connection with a judgment finding the defendant in contempt.

Considered December 16, 2020—officially released March 9, 2021

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *M. Murphy, J.*, rendered judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Egan, J.*, denied the defendant's motion for modification of alimony and child support and granted the plaintiff's motion for contempt, and the defendant appealed to this court; subsequently, the court, *Egan, J.*, ordered a stay of the defendant's obligation to pay alimony and child support arrearages, and the plaintiff filed a motion for review with this court. *Motion for review granted*; *relief granted*.

*Alexander Copp*, with whom, on the brief, was *Jocelyn B. Hurwitz*, for the appellant (defendant).

*Sheila S. Charmoy*, with whom, on the brief, was *Scott M. Charmoy*, for the appellee (plaintiff).

*Opinion*

SUAREZ, J. The defendant, Jamie G. Lewis, appeals from the March 4, 2020 postjudgment orders of the trial court denying his motion for modification of alimony and child support and granting the motion of the plaintiff, Kristy L. Bouffard, for contempt relating to his failure to pay alimony and child support. On October 30, 2020, the trial court issued an order wherein it found that its March 4, 2020 orders were automatically stayed pursuant to Practice Book § 61-11 (c). Before this court is the plaintiff's motion asking this court to review the trial court's October 30, 2020 order. The plaintiff argues that there is no automatic stay on orders of periodic alimony and child support. The defendant argues in opposition to this motion for review that lump sum alimony and support payments are subject to an automatic appellate stay. Because we agree that there is no automatic appellate stay, we grant the plaintiff's motion for review and grant the relief requested in that the court's October 30, 2020 order is vacated.

The following undisputed facts are pertinent to our consideration of the issues presented by the plaintiff's motion for review. The marriage of the parties was dissolved on July 31, 2017. Included in the parties' separation agreement, which was incorporated into the judgment of dissolution, were provisions requiring the defendant to make monthly payments of $4729 as alimony for seven years from the date of dissolution and monthly payments of $1398 as child support until the parties' child attains the age of twenty-one. The agreement further provided that, during the seven year term of the defendant's monthly alimony obligation, the defendant also would make annual payments of unallocated alimony and child support in a sum equal to 30 percent of any gross income from his employment that exceeds $175,000 per year.

On March 8, 2019, the defendant filed a postjudgment motion for modification of his monthly alimony and child support obligations, in which he claimed that his income had decreased substantially. On June 5, 2019, the plaintiff filed a motion for contempt, alleging that the defendant had not remained current on his monthly alimony and child support obligations since April, 2019, and that the defendant owed an amount for unallocated alimony and child support based on a percentage of his 2018 gross income.The trial court, *Egan, J.*, held a hearing on the parties' motions, and, on March 4, 2020, the court denied the defendant's motion for modification and granted the plaintiff's motion for contempt. The trial court found that the defendant owed arrearages of $8684 in child support and $37,832 in alimony, plus an additional $82,397 in unallocated alimony and child support based on his 2018 gross income. Additionally, the court found the defendant in contempt for his failure to pay alimony and child support, and awarded the

plaintiff $13,500.50 in attorney's fees in connection with prosecuting the motion for contempt. The court ordered the defendant to pay the $8684 child support arrearage, the $82,397 in unallocated alimony and child support, and the $13,500.50 in attorney's fees within thirty days of the court's order. The court ordered the defendant to pay the $37,832 alimony arrearage within sixty days of the court's order. The court's orders required the defendant to make each of the payments for the alimony and child support arrearages as a lump sum.

The defendant filed a timely motion to reargue the trial court's March 4, 2020 orders. The trial court denied that motion to reargue on July 1, 2020. This appeal followed.

The plaintiff filed an additional motion for contempt with the trial court on April 13, 2020, on the basis of the defendant's failure to make the payments required by the court's March 4, 2020 orders and his alleged failure to remain current with his monthly alimony and child support payments since November, 2019. That motion for contempt was scheduled to be heard by the trial court on October 30, 2020. Prior to the scheduled hearing, the plaintiff filed a motion in limine to preclude the defendant from calling his accountant as a witness. The defendant filed an objection to that motion in limine, in which he argued, in part, that there was an automatic appellate stay of the trial court's March 4, 2020 orders. The plaintiff filed an amended motion for contempt on October 29, 2020, arguing that the trial court's March 4, 2020 orders were not stayed by this appeal.

On October 30, 2020, the court issued the following order, which is the subject of this motion for review: "In the court's memorandum of decision dated [March 4, 2020] . . . the defendant was ordered to pay lump sum arrearages of $8684 in child support and $37,832 in alimony, plus the lump sum of $82,397 in unallocated alimony and child support, and $13,500.50 in attorney's fees. The defendant appealed [from] the court's orders on July 21, 2020. After a remote hearing on the record during which both parties were present and represented by counsel, the court finds that pursuant to . . . Practice Book [§] 61-11 (c) and the relevant case law, the defendant's obligation to pay is stayed pending appeal."

The plaintiff filed a timely motion for review pursuant to Practice Book §§ 61-14 and 66-6 on November 9, 2020, asking that this court reverse the trial court's order finding that its March 4, 2020 orders were subject to an automatic appellate stay. The plaintiff claims that the trial court's March 4, 2020 orders are not stayed, because (1) orders to pay alimony and child support arrearages are not subject to an automatic appellate stay, and (2) orders of civil contempt and the penalties ordered in connection therewith are not subject to an automatic appellate stay. We agree with the plaintiff.

Our review of the trial court's October 30, 2020 order requires us to construe Practice Book § 61-11, particularly subsections (a) and (c). The interpretation and application of provisions of the rules of practice involves a question of law over which our review is plenary. See *Deutsche Bank National Trust Co.* v. *Fraboni*, 182 Conn. App. 811, 821, 191 A.3d 247 (2018).

Practice Book § 61-11 governs stays of execution. Section 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ." In family matters, however, orders of periodic alimony and orders of child support are specifically exempt from the automatic stay provisions of Practice Book § 61-11. "Unless otherwise ordered, no automatic stay shall apply . . . to orders of periodic alimony, support, custody or visitation in family matters . . . ." Practice Book § 61-11 (c); see also *Wolyniec* v. *Wolyniec*, 188 Conn. App. 53, 55 n.2, 203 A.3d 1269 (2019) (order requiring party to pay alimony and child support arrearage is not automatically stayed by filing of appeal); *Schull* v. *Schull*, 163 Conn. App. 83, 99, 134 A.3d 686 (no automatic stay for orders of support in certain family matters), cert. denied, 320 Conn. 930, 133 A.3d 461 (2016).

Practice Book § 61-11 (c), however, makes clear that any party may move to terminate or to impose a stay, before or after judgment, based on the existence or expectation of an appeal. "The judge hearing such motion may terminate or impose a stay of any order, pending appeal, as appropriate, after considering (1) the needs and interest of the parties, their children and any other persons affected by such order; (2) the potential prejudice that may be caused to the parties, their children and any other persons affected, if a stay is entered, not entered or is terminated; (3) if the appeal is from a judgment of dissolution, the need to preserve, pending appeal, the mosaic of orders established in the judgement; (4) the need to preserve the rights of the party taking the appeal to obtain effective relief if the appeal is successful . . . and (6) any other factors affecting the equities of the parties." Practice Book § 61-11 (c).

Here, the defendant has not moved for a stay pursuant to Practice Book § 61-11 (c). Rather, he argues that "lump sum payments (for alimony, child support, or arrearages) are stayed pending appeal." In support thereof, he cites *Lowe* v. *Lowe*, 58 Conn. App. 805, 816, 755 A.2d 338 (2000).

The factual and procedural history in *Lowe*, however, is significantly different from that underlying the pres-

ent appeal. We note that *Lowe* did not involve a challenge to an order to pay an alimony and support *arrearage*. The plaintiff in *Lowe* was challenging a new lump sum alimony order issued after the trial court had vacated the alimony order issued in the original dissolution judgment.[1] Id., 807–10. In *Lowe*, the Appellate Court similarly reviewed a motion to review, and it reversed the trial court's granting of the plaintiff's motion for a stay of judgment which claimed that the alimony order was exempt from the automatic stay provision of Practice Book § 61-11 (c). The court in *Lowe* reasoned that its "vacation of the order of the court indicates our determination that the alimony order was lump sum in nature and subject to an automatic stay." Id., 816.

In the present case, the court addressed a motion for contempt for failure to pay *periodic* alimony and child support. In doing so, the court simply calculated the amount of past due periodic alimony and child support that the defendant failed to pay and made a factual finding of the amount of periodic alimony and child support the defendant owed in arrearage. The court then ordered that arrearage to be paid in a lump sum amount. Unlike in *Lowe*, the lump sum order in the present case was not a new order, but, rather, a calculation of past, unpaid periodic alimony and child support. Therefore, we conclude that the March 4, 2020 orders are not automatically stayed pursuant to Practice Book § 61-11 (c).

In addition to her argument that alimony and support orders are not automatically stayed, the plaintiff asserts that there was no automatic stay of execution of the trial court's March 4, 2020 orders requiring the defendant to make payments for past due alimony and child support and the plaintiff's attorney's fees because the trial court issued those orders in connection with a judgment finding the defendant in contempt. We agree.

"We . . . recognize that [a]lthough [a] court does not have the authority to modify a property assignment, [the] court, after distributing property, which includes assigning the debts and liabilities of the parties, does have the authority to issue postjudgment orders effectuating its judgment. . . . [A]n order effectuating an existing judgment allows the court to protect the integrity of its original ruling by ensuring the parties' timely compliance therewith." (Citations omitted; internal quotation marks omitted.) *Nappo* v. *Nappo*, 188 Conn. App. 574, 596, 205 A.3d 723 (2019).

The court's contempt power, "to be effectual, must be immediate and peremptory, and not subject to suspension at the mere will of the offender. . . . It is for this reason that an appeal from a civil contempt judgment does not automatically stay its execution. . . . Indeed, the conditional and coercive nature of civil contempt would be rendered virtually meaningless were the trial court's power automatically stayed by an appeal."

(Citations omitted; internal quotation marks omitted.) *Papa* v. *New Haven Federation of Teachers*, 186 Conn. 725, 731, 444 A.2d 196 (1982). Guided by these principles, and in light of the fact that the court issued the orders requiring the defendant to make payments for past due alimony and child support and the plaintiff's attorney's fees in connection with a judgment finding the defendant in contempt, we conclude that those orders were not automatically stayed.

The motion of the plaintiff, filed November 9, 2020, for review, having been presented to the court, it is hereby ordered that review is granted and the relief requested therein is granted in that the October 30, 2020 order of the trial court, *Egan*, *J.*, is vacated as the trial court's March 4, 2020 orders are not subject to an automatic appellate stay both by virtue of Practice Book § 61-11 (c) and because the orders were issued in connection with a judgment finding the defendant in contempt. The matter is remanded to the trial court for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

[1] There was no order to pay periodic or lump sum child support being challenged in *Lowe*.