******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## JONATHAN I. VILLAO *v.* GRISELL V. PAZ
## (AC 48574)

Alvord, Moll and Wilson, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff had previously been dissolved, appealed, challenging the financial orders in the trial court's judgment of dissolution. While the appeal was pending, the trial court denied the plaintiff's postjudgment motion for contempt, in which the plaintiff claimed, inter alia, that the defendant had failed to pay attorney's fees that had been awarded to him in the dissolution judgment, but ordered the defendant to pay those fees. The defendant filed a motion for review of the trial court's order determining that the automatic appellate stay pursuant to the rule of practice (§ 61-11 (a)) did not apply to the award of attorney's fees. *Held*:

This court granted the motion for review and granted the relief requested, vacating the trial court's order, as the award of attorney's fees was automatically stayed under Practice Book § 61-11 (a) because the award did not fall within the orders exempted from the automatic appellate stay in § 61-11 (c), namely, periodic alimony, support, custody or visitation in family matters.

Considered July 23—officially released September 30, 2025

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the court, *Cirello, J.*; judgment dissolving the marriage and granting certain other relief, from which the defendant appealed to this court; thereafter, the court, *D'Agostino, J.*, denied the plaintiff's motion for contempt and issued an order that the award of attorney's fees to the plaintiff was exempt from the appellate stay, and the defendant filed a motion for review of that order with this court. *Motion for review granted; relief granted.*

*Anthony L. Cenatiempo*, in support of the motion.

*Jonathan I. Villao*, self-represented, in opposition to the motion.

*Opinion*

ALVORD, J. In this marital dissolution action, the defendant, Grisell V. Paz, appeals following the judgment dissolving her marriage to the plaintiff, Jonathan I. Villao. On May 30, 2025, the defendant filed a motion for review of the order of the trial court determining that its attorney's fees award was in the nature of support and thus exempted from the automatic appellate stay pursuant to Practice Book § 61-11 (c). On July 23, 2025, this court granted the motion for review and granted the relief requested, vacating the trial court's order. This court also indicated that an opinion would follow. This opinion sets forth the reasoning for our decision.

The following procedural history is relevant to our review. On March 3, 2025, the court, *Cirello, J.*, dissolved the marriage between the parties. The court awarded the parties joint legal and physical custody of their two minor children and set forth a parenting plan. The court found that the plaintiff recently had been terminated from his employment of twenty years at an auto parts store due to theft and was working as an Uber driver, that the defendant recently had stopped working in her chiropractic and weight loss clinic due to a cancer diagnosis, and that both parties had exhibited a lack of candor and transparency with respect to their finances. The court ordered the defendant to pay the plaintiff $119 weekly in child support. The court also ordered the defendant to pay the plaintiff $750 monthly in alimony while she is receiving disability benefits, and a different amount when disability payments cease. The court also made orders distributing the parties' assets. Finally, the court found that "the defendant's actions, including the slow trickle of disclosure or nondisclosure of relevant information, caused the plaintiff's counsel to hire private investigators, file motions for contempt and motions to compel, and spend more time litigating

the case than necessary." The court ordered the defendant to pay $25,000 of the plaintiff's attorney's fees. On March 20, 2025, the defendant filed an appeal challenging the financial orders in the dissolution judgment.

On March 31, 2025, the plaintiff filed a motion for contempt, in which he alleged that the defendant had failed to make child support payments in accordance with the dissolution judgment. On April 4, 2025, the plaintiff amended his motion for contempt to allege that the defendant also had not made alimony payments or paid the attorney's fees ordered. In his motion, the plaintiff argued that, pursuant to Practice Book § 61-11 (c), attorney's fees orders are not automatically stayed during the pendency of an appeal. On May 1, 2025, the court, *D'Agostino, J.*, issued an order in which it declined to find the defendant in contempt because the dissolution judgment did not contain a precise date on which alimony and child support should be paid but ordered that alimony payments be made monthly and child support weekly on dates certain and that the child support arrearage of $223 was to be paid by May 2, 2025. The court allowed the parties to file supplemental memoranda on the issue of whether the attorney's fees award was stayed and, therefore, whether the defendant was in contempt. Both parties filed memoranda.

On May 21, 2025, the court issued a memorandum of decision on the motion for contempt with respect to the award of attorney's fees. It determined that there was no appellate stay of the award of attorney's fees entered in the dissolution judgment and required the defendant to pay that award on or before May 28, 2025. On May 23, 2025, the defendant filed a motion seeking an emergency stay from this court. See Practice Book § 61-14 (b). This court stayed the defendant's obligation to pay the attorney's fees pending the resolution of her motion for review, which she filed on May 30, 2025. On

June 9, 2025, the plaintiff filed an opposition to the defendant's motion for review.

We begin our discussion with the standard of review and relevant legal principles. "The interpretation and application of provisions of the rules of practice involves a question of law over which our review is plenary." *Bouffard* v. *Lewis*, 203 Conn. App. 116, 120, 247 A.3d 667 (2021); see also *U.S. Bank Trust, N.A.* v. *O'Brien*, 231 Conn. App. 779, 785–86, 334 A.3d 558 (2025) ("[a] trial court's determination of whether an appellate stay was in effect raises a question of law over which we exercise plenary review").

Practice Book § 61-11 governs stays of execution in noncriminal cases. Section 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed . . . such proceedings shall be stayed until the final determination of the cause. . . ." "In family matters, however, orders of periodic alimony and orders of child support are specifically exempt from the automatic stay provisions of . . . § 61-11." *Bouffard* v. *Lewis*, supra, 203 Conn. App. 120. Specifically, § 61-11 (c) provides in relevant part: "Unless otherwise ordered, no automatic stay shall apply . . . to orders of periodic alimony, support, custody or visitation in family matters . . . ."

Our appellate courts have explained the purpose of exempting certain orders in family matters from the automatic appellate stay. "Where the need for child support is established and ordered by the court, it is of the utmost importance for the welfare of the child that such payments be made in a timely fashion. It is also in the interest of society that the child be supported by those obligated to support the child and that the

child not be required to seek public assistance to satisfy those needs unless otherwise necessary." (Internal quotation marks omitted.) *Wald* v. *Cortland-Wald*, 226 Conn. App. 752, 772, 319 A.3d 769 (2024); see also *Mulholland* v. *Mulholland*, 229 Conn. 643, 652, 643 A.2d 246 (1994) (discussing policy preference against compelling financially disadvantaged spouse to require public assistance during appeal); *Yontef* v. *Yontef*, 185 Conn. 275, 291, 440 A.2d 899 (1981) (automatically staying custody or visitation orders pending appeal "is not only unseemly but is inconsistent with the concern, repeatedly enunciated in the statutes and the cases, for the best interests of the children").

In *Birkhold* v. *Birkhold*, 343 Conn. 786, 276 A.3d 414 (2022), our Supreme Court was presented with the question of whether the automatic appellate stay applied to an order of attorney's fees. In that case, the trial court had determined that "the automatic appellate stay did not apply to its order of attorney's fees and that, even if it did, the court would terminate the stay . . . ." Id., 794 n.4. On the plaintiff's motion for review, our Supreme Court granted review but denied the requested relief, determining that it did not "have to decide whether the automatic stay exception for orders of support, prescribed by Practice Book § 61-11 (c), applies to this particular order, as fashioned by the trial court, because the trial court commendably found, in the alternative, that the . . . factors [set forth in *Griffin Hospital* v. *Commission on Hospitals & Health Care*, 196 Conn. 451, 456, 493 A.2d 229 (1985)] weighed in favor of terminating the appellate stay. . . . Even if the automatic stay did apply under these circumstances, we cannot conclude that the trial court abused its discretion in terminating any automatic stay pursuant to *Griffin Hospital*." (Citation omitted.) *Birkhold* v. *Birkhold*, supra, 794 n.4.

This court previously has construed the exception to the automatic appellate stay contained within Practice Book § 61-11 (c) narrowly. For example, in *Lowe* v. *Lowe*, 58 Conn. App. 805, 816, 755 A.2d 338 (2000), this court determined that a lump sum alimony order did not fall within § 61-11 (c), which refers to orders of "periodic alimony," and, therefore, lump sum alimony orders automatically are stayed on appeal. "[T]rial courts in this state continue to have the power to conduct proceedings and to act on motions filed during the pendency of an appeal provided they take no action to enforce or carry out a judgment while an appellate stay is in effect. . . . [In other words] [t]he automatic stay prohibits only those actions that would execute, effectuate, or give legal effect to all or part of a judgment challenged on appeal. . . . The automatic appellate stay merely denies [the successful litigant] the immediate fruits of his or her victory . . . in order to protect the full and unhampered exercise of the right to appellate review." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Lavy* v. *Lavy*, 190 Conn. App. 186, 212, 210 A.3d 98 (2019).

With these principles in mind, we conclude that the $25,000 attorney's fees award in the present case does not fall within "periodic alimony, support, custody or visitation" exempted from the automatic appellate stay in Practice Book § 61-11 (c). The award was issued as part of the overall financial mosaic in the dissolution judgment. The trial court made findings that the defendant's litigation conduct had caused the plaintiff to expend more attorney's fees than was necessary. Like a property distribution or similar "lump sum" award in a dissolution matter, we conclude that the attorney's fees award is automatically stayed unless and until the trial court terminates that stay.

The motion for review is granted and the relief requested is granted in accordance with this court's July 23, 2025 order.

In this opinion the other judges concurred.