******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CONNECTICUT NATIONAL MORTGAGE COMPANY
*v.* LISE-LOTTE KNUDSEN ET AL.
(SC 19672)

Eveleigh, McDonald, Espinosa, Robinson and Lavine, Js.

*Argued November 16—officially released December 13, 2016*

*Lise-Lotte Knudsen*, self-represented, the appellant
(named defendant).

*Benjamin T. Staskiewicz*, for the appellee (plaintiff Wells Fargo Bank, N.A.).

*Opinion*

PER CURIAM. The original plaintiff, Connecticut National Mortgage Company, commenced this action in 1989 seeking to foreclose a mortgage on a parcel of real property that is owned by the named defendant, Lise-Lotte Knudsen, and is located in the town of Redding.[1] Although the trial court had rendered a judgment of foreclosure in 1994, that judgment has been opened and modified several times over the years. Eventually, on August 20, 2012, the plaintiff Wells Fargo Bank, N.A., was substituted as the plaintiff.[2] On June 8, 2015, the trial court rendered a new judgment of strict foreclosure that extended the defendant's law day to August 4, 2015. On June 17, 2015, the defendant filed a motion for permission to file a motion to vacate the new judgment, which was denied on June 18, 2015. The defendant appealed to the Appellate Court on June 26, 2015, within the twenty day appeal periods[3] triggered by both the new judgment and the denial of the defendant's subsequent motion.[4]

The Appellate Court, acting on its own motion, then ordered the parties to appear "and give reasons, if any, why [the] appeal should not be dismissed as moot because title vested in the plaintiff by the passing of the law days and the defendant's appeal following the denial of her [motion] on June 18, 2015, did not stay the passing of the law days. See . . . Practice Book § 61-11 (g)."[5] (Citations omitted.)

Practice Book § 61-11 (g)[6] became effective on October 1, 2013. That provision was enacted to put a stop to the " 'perpetual motion machine' "[7] and accompanying appellate litigation generated when a defendant files serial motions to open a judgment of strict foreclosure and, each time a motion to open is denied, files a new appeal from the judgment denying the motion to open.[8] *Citigroup Global Markets Realty Corp.* v. *Christiansen*, 163 Conn. App. 635, 639, 137 A.3d 76 (2016). When no automatic appellate stay is in effect, there is nothing to prevent the law days from passing, rendering a pending appeal from a judgment of strict foreclosure moot. *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 574–75, 953 A.2d 868 (2008).

It is undisputed that the defendant's June 17, 2015 motion was a "subsequent contested motion" as contemplated by § 61-11 (g), and that it was unaccompanied by an affidavit of good cause. The Appellate Court dismissed the defendant's appeal on January 13, 2016,[9] apparently determining that, because no automatic appellate stay was triggered on the denial of that motion, no appellate stay prevented the law day from passing on August 4, 2015, such that title had vested irrevocably in the plaintiff and the defendant's appeal was therefore moot.

The plaintiff sought reconsideration of the judgment

of dismissal. The Appellate Court dismissed the motion for reconsideration on January 29, 2016. On March 9, 2016, we granted the defendant's petition for certification based on the following question: "Did the Appellate Court properly dismiss the appeal in this matter as moot?" *Connecticut National Mortgage Co.* v. *Knudsen*, 320 Conn. 926, 926–27, 133 A.3d 458 (2016).

In the present case, the trial court granted the defendant's motion to open the judgment on June 8, 2015, and extended the law day to August 4, 2015. On June 26, 2015, the defendant filed an appeal to the Appellate Court, which was within twenty days of the trial court's June 8, 2015 decision. The defendant's appeal was filed prior to the law day and title never passed to the plaintiff. Moreover, the defendant's appeal was timely because it was filed within the applicable twenty day appeal period. See Practice Book § 63-1 (a). The Appellate Court apparently characterized this appeal as one taken from the judgment denying the defendant's June 17, 2015 motion which, pursuant to Practice Book § 61-11 (g), did not give rise to an automatic stay. However, this appeal was filed within the twenty day appeal period for both the order denying the defendant's June 17, 2015 motion and the June 8, 2015 judgment that set a new law date. The June 8, 2015 judgment triggered an automatic stay because it was an appealable final judgment, and the defendant's filing of this appeal within twenty days of that judgment continued the stay "until the final determination of [this appeal]." Practice Book § 61-11 (a).[10]

Both parties have argued that the Appellate Court's order of dismissal should be reversed and that the case should be remanded to that court for further proceedings. We agree. An "automatic" appellate stay of proceedings to enforce the judgment went into effect on June 8, 2015, when the trial court rendered a new judgment of strict foreclosure setting a law date of August 4, 2015. See Practice Book § 61-11 (a). Because the defendant appealed within twenty days of that judgment, the automatic stay was in effect on August 4, 2015, and will continue in effect until the "final determination of the [appeal]." Practice Book § 61-11 (a). Since the appellate stay prevented title from vesting in the plaintiff by operation of law when the defendant failed to exercise her right of redemption on August 4, 2015, the case should not have been dismissed by the Appellate Court as moot.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings according to law.

[1] We note that Knudsen's name has changed during the pendency of this action. See *Lind-Larsen* v. *Fleet National Bank of Connecticut*, 84 Conn. App. 1, 3 n.1, 852 A.2d 799, cert. denied, 271 Conn. 940, 861 A.2d 514 (2004). We also note that, although additional parties with interests in the property subordinate to the mortgage at issue have also been named as defendants in the present case, these parties are not relevant to this appeal. In the interest of consistency with the original pleadings, we hereinafter refer to

Knudsen as the defendant.

[2] We note that, although several other parties have been substituted as the plaintiff in the present action as the result of successive assignments, none of those parties are relevant to the present appeal. In the interest of simplicity, we hereinafter refer to Wells Fargo Bank, N.A., as the plaintiff.

[3] Practice Book § 63-1 (a) provides in relevant part that "[u]nless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . ."

[4] This is the defendant's sixth appeal in this foreclosure action.

[5] The Appellate Court's order also cited General Statutes § 49-15, which provides in relevant part that a judgment of strict foreclosure shall not be opened "after the title has become absolute in any encumbrancer . . . ." Finally, the order cited Appellate Court precedent establishing that an appeal from a judgment of strict foreclosure is rendered moot when, during the pendency of the appeal, the law days pass and title lawfully vests in the foreclosing party. See *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 321–25, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006); *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 166–68, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989). Supreme Court precedent also establishes that an appeal from a judgment of strict foreclosure is moot when the law days pass, the rights of redemption are cut off, and title becomes " 'unconditional' " in the plaintiff. *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 574–75, 953 A.2d 868 (2008).

[6] Practice Book § 61-11 (g) provides in relevant part: "In any action for foreclosure in which the owner of the equity has filed, and the court has denied, at least two prior motions to open or other similar motion, no automatic stay shall arise upon the court's denial of any subsequent contested motion by that party, unless the party certifies under oath, in an affidavit accompanying the motion, that the motion was filed for good cause arising after the court's ruling on the party's most recent motion. . . ."

[7] "Prior to [the effective date of Practice Book § 61-11 (g)], a defendant in a foreclosure action could employ consecutive motions to open the judgment in tandem with Practice Book §§ 61-11 and 61-4 'to create almost the perfect perpetual motion machine.' " *Citigroup Global Markets Realty Corp.* v. *Christiansen*, 163 Conn. App. 635, 639, 137 A.3d 76 (2016).

[8] The denial of a motion to open a judgment of strict foreclosure is an appealable final judgment itself and distinctly appealable from the underlying judgment. See *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 356 n.10, 579 A.2d 1054 (1990).

[9] A hearing on the Appellate Court's "own motion" was scheduled on January 13, 2016, and the Appellate Court dismissed the appeal after both the defendant and the plaintiff failed to appear.

[10] Practice Book § 61-11 (a) provides in relevant part that "proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ."

—————————————————