******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## U.S. BANK NATIONAL ASSOCIATION, TRUSTEE *v.* ALEXANDER T. NEHRING ET AL.
### (AC 47145)

Suarez, Clark and DiPentima, Js.

*Syllabus*

The defendant property owner appealed from the judgment of the trial court denying his sixth motion to open the judgment of strict foreclosure. The defendant claimed, inter alia, that the court erred in determining that the plaintiff was the holder of the subject note and mortgage. *Held*:

This court dismissed the appeal as moot because the defendant's sixth motion to open the judgment was not accompanied by an affidavit, pursuant to the rule of practice (§ 61-11 (g)), averring good cause that arose since the trial court's previous ruling on the defendant's most recent motion, and, thus, no automatic appellate stay arose, the law days passed, and title vested absolutely in the plaintiff.

Submitted on briefs February 20—officially released April 29, 2025

*Procedural History*

Action to foreclose a foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Danbury, where the named defendant was defaulted for failure to plead; thereafter, the action was withdrawn as to the defendant United States of America, Internal Revenue Service; subsequently, the court, *Mintz, J.*, granted the plaintiff's motion to open the judgment and rendered a judgment of strict foreclosure; thereafter, the court, *Fox, J.*, denied the named defendant's sixth motion to open the judgment, and the named defendant appealed to this court. *Appeal dismissed.*

*Alexander T. Nehring*, self-represented, filed a brief as the appellant (named defendant).

*Marissa I. Delinks*, filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this protracted foreclosure matter, the self-represented defendant Alexander T. Nehring[1] appeals from the judgment of the trial court denying his motion to open and to vacate the court's judgment of strict foreclosure rendered in favor of the plaintiff, U.S. Bank National Association.[2] The dispositive issue in this appeal is whether the defendant filed "at least two prior motions to open or other similar motion" pursuant to Practice Book § 61-11 (g),[3] such that an automatic appellate stay did not apply to toll the running of the law days. We conclude that no automatic stay

---

[1] JPMorgan Chase Bank, National Association (JPMorgan) and the United States of America, Internal Revenue Service (USA/IRS) also were named as defendants in the initial filing of the foreclosure action. The complaint against USA/IRS was withdrawn on October 4, 2018. JPMorgan has not appealed from the judgment of foreclosure or participated in the present appeal. Because only Nehring has participated in this appeal, all references herein to the defendant are to him.

[2] The operative complaint named U.S. Bank National Association as Trustee, Successor in Interest to Bank of America, National Association, as Trustee as Successor by Merger to LaSalle Bank, National Association, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2006-AR13 Trust as the plaintiff.

[3] Practice Book § 61-11 provides in relevant part: "(a) . . . Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed before the appeal period has expired, such proceedings shall be stayed until the final determination of the cause. If the case goes to judgment on appeal, any stay thereafter shall be in accordance with [Practice Book §] 71-6 (motions for reconsideration), [Practice Book §] 84-3 (petitions for certification by the Connecticut Supreme Court), and [Practice Book §] 71-7 (petitions for certiorari by the United States Supreme Court).

\* \* \*

"(g) . . . In any action for foreclosure in which the owner of the equity has filed, and the court has denied, at least two prior motions to open or other similar motion, no automatic stay shall arise upon the court's denial of any subsequent contested motion by that party, unless the party certifies under oath, in an affidavit accompanying the motion, that the motion was filed for good cause arising after the court's ruling on the party's most recent motion. . . ."

applied, and, thus, the law days have passed, divesting the defendant of his interest in the property, and title to the property has vested in the plaintiff. Accordingly, this court cannot provide the defendant any practical relief, and we, therefore, dismiss this appeal as moot.[4]

The following undisputed facts and procedural history are relevant to this appeal. In May, 2013, the plaintiff commenced this action to foreclose on a mortgage that the defendant had executed in 2006 on property in Ridgefield as security for a note in the principal amount of $1,000,000. The plaintiff alleged that it was the holder of the mortgage note, and that the note was in default for nonpayment. On October 17, 2014, the plaintiff filed a motion for default against the defendant for failure to plead. On October 24, 2014, the clerk granted the plaintiff's motion for default. On November 3, 2014, the court, *Russo, J.*, rendered a judgment of foreclosure by sale against the self-represented defendant and set a sale date of March 28, 2015. On March 13, 2015, the plaintiff filed its first motion to open the judgment. On March 16, 2015, the court granted the plaintiff's first motion to open the judgment and set a new sale date of May 23, 2015. On May 7, 2015, the plaintiff filed its second motion to open the judgment. On May 11, 2015, the court granted the plaintiff's second motion to open the judgment and set a new sale date of July 25, 2015.

On July 22, 2015, the defendant, then represented by counsel, filed his first motion to open the judgment. In his first motion to open the judgment, the defendant alleged that he was "very close" to obtaining the capital needed to satisfy his debt to the plaintiff and requested an extension of the sale date. On July 24, 2015, the

---

[4] The defendant did not appear for oral argument before this court. On February 20, 2025, after the scheduled time for oral argument, the defendant filed a motion to reschedule the matter, which this court denied. This case was considered on the briefs and record.

court, *Shaban, J.*, denied the defendant's first motion to open the judgment. The same day, the defendant filed for bankruptcy, triggering an automatic stay of this action. On September 10, 2015, the Bankruptcy Court issued an order dismissing the defendant's bankruptcy petition, thus allowing this action to proceed.

On September 30, 2015, the plaintiff filed its third motion to open the judgment. On March 21, 2016, the court, *Russo, J.*, granted the plaintiff's third motion to open the judgment and set a new sale date of June 25, 2016. On June 22, 2016, following a motion for advice from the foreclosure committee, the court, *Hon. William J. Lavery*, judge trial referee, rescheduled the sale date to July 30, 2016. On July 28, 2016, the defendant again filed for bankruptcy, triggering an automatic stay of this action. On December 14, 2016, the Bankruptcy Court issued an order dismissing the defendant's bankruptcy petition. On February 8, 2017, the plaintiff filed its fourth motion to open the judgment. On March 6, 2017, the court, *Russo, J.*, granted the plaintiff's fourth motion to open the judgment and set a new sale date of June 17, 2017.

On May 23, 2017, the defendant, in a self-represented capacity, filed his second motion to open the judgment. In his second motion to open the judgment, the defendant alleged that he was in the process of converting the property into a multifamily residence to produce greater income. On May 30, 2017, the court granted the defendant's second motion to open the judgment and set a new sale date of September 9, 2017.

On August 11, 2017, the defendant filed his third motion to open the judgment. In his third motion to open the judgment, the defendant alleged that he was awaiting a response to an application for loan modification and requested an extension of the sale date. On September 5, 2017, the court denied the defendant's

third motion to open the judgment. The same day, the defendant again filed for bankruptcy, triggering an automatic stay of this action. On January 19, 2018, the Bankruptcy Court issued an order dismissing the defendant's bankruptcy petition. On May 29, 2018, the plaintiff filed its fifth motion to open the judgment. On June 18, 2018, the court granted the plaintiff's fifth motion to open the judgment and set a new sale date of September 29, 2018. On September 27, 2018, following a motion for advice from the foreclosure committee, the court, *Mintz, J.*, rescheduled the sale date to January 12, 2019.

On October 4, 2018, the plaintiff filed its sixth motion to open the judgment, seeking to convert the judgment of foreclosure by sale to a judgment of strict foreclosure. On October 22, 2018, the court granted the plaintiff's motion to open the judgment, rendered a judgment of strict foreclosure, and set law days to commence on January 8, 2019. On January 7, 2019, the defendant again filed for bankruptcy, triggering an automatic stay of this action. On April 4, 2019, the Bankruptcy Court issued an order dismissing the defendant's bankruptcy petition. On September 17, 2019, the plaintiff filed a motion to reset the law days. On September 30, 2019, the court, *Kowalski, J.*, granted the plaintiff's motion to reset the law days and set new law days to commence on December 3, 2019.

On November 13, 2019, and, as amended on December 2, 2019, the defendant filed his fourth motion to open the judgment. In his fourth motion to open the judgment, the defendant again alleged that he was close to satisfying his debt to the plaintiff and requested an extension of the law days. On December 2, 2019, the court denied the defendant's fourth motion to open the judgment but set new law days to commence on January 7, 2020. On December 20, 2019, the defendant filed a "motion to reargue and reconsider" the court's December 2, 2019 order. On January 6, 2020, the court denied

the defendant's motion. The same day, the defendant again filed for bankruptcy, triggering an automatic stay of this action. On June 19, 2020, the Bankruptcy Court issued an order dismissing the defendant's bankruptcy petition. On November 10, 2022, the plaintiff filed a motion to reset the law days. On December 19, 2022, the court, *Shaban, J.*, granted the plaintiff's motion to reset the law days and set new law days to commence on March 21, 2023.

On March 13, 2023, the defendant filed his fifth motion to open, titled "Emergency Motion to Open, Vacate Judgment and Request an Evidentiary Hearing Based Upon Fraud on the Court." In that motion, the defendant alleged that there was newly discovered evidence that the assignment by which the plaintiff held the defendant's mortgage note was obtained through fraud; thus, the plaintiff was not the rightful holder of the note and, accordingly, lacked standing to bring its underlying claim. The defendant further alleged that the plaintiff brought its claim knowing that it was not the rightful holder of the note, and, in doing so, engaged in fraud upon the court, unconscionable conduct, and unfair trade practices. On March 27, 2023, the court ordered a hearing on the defendant's fifth motion to open, to be held on March 29, 2023, but, on March 20, 2023, the defendant filed for bankruptcy,[5] triggering an automatic stay of this action. On April 4, 2023, the Bankruptcy Court issued an order dismissing the defendant's bankruptcy petition. On July 28, 2023, the plaintiff filed its seventh motion to open the judgment, seeking to reset the law days and reenter the judgment of strict foreclosure. On August 3, 2023, the defendant filed an objection to the plaintiff's July 28, 2023 motion to open. In his objection, the defendant reiterated the claims set forth

---

[5] This was the defendant's sixth bankruptcy petition filed during the pendency of this matter.

in his fifth motion to open, alleging fraudulent assign-ment of the mortgage note and an associated lack of standing to bring the underlying claim.

On September 11, 2023, the court held a hearing on the plaintiff's July 28, 2023 motion to open, and the defendant's August 3, 2023 objection. At that hearing, the defendant argued that the assignment of the mort-gage note was the product of fraud, and, thus, the plain-tiff lacked standing. The court overruled the defendant's objection and granted the plaintiff's motion to open. The court found that "the attempt to try to present evidence that the judgment is not a valid judgment is one that the court would not entertain today because it would, in effect, be a collateral attack on that judgment that's already been entered, not once but on multiple occasions, over many years. . . . [I]t appears, from looking at the court's file, [the defendant's allegation that the judgment is invalid due to fraudulent assign-ment of the mortgage note] doesn't necessar[ily] defeat the fact that a motion to reset the law days should be granted here. At least I don't find a basis for doing so." The court further found that "[a]ll [of the] plaintiff's paperwork [is] in order. . . . The plaintiff is the holder of the original note and the assignee of the mortgage." In an order dated the same day, the court rendered a judgment of strict foreclosure and set new law days for November 14, 2023. The defendant did not appeal from that order.

On October 11, 2023, and, as amended on October 23, 2023, the defendant filed his sixth motion to open. In his sixth motion to open, the defendant again alleged that the assignment of the mortgage note was fraudu-lent. On November 13, 2023, the court, *Fox, J.*, held a hearing on the defendant's sixth motion to open. After oral argument in connection with this motion, the court denied the defendant's sixth motion to open and set forth the following oral findings: "[T]he defendant had

carried the burden of proving the motion, burden to show good cause pursuant to [General Statutes §] 49-15 [governing the opening of judgments of strict foreclosure], and clear and unequivocal evidence of fraud. The court finds the motion fails in both these grounds." The court set new law days for December 5, 2023. This appeal followed.

On appeal, the defendant claims that the court erred in determining (1) that the plaintiff was the holder of the subject note and mortgage, and (2) that the defendant failed to prove that the assignment of the mortgage to the plaintiff was fraudulent. The plaintiff counters that the matter is moot as the law days have passed. Specifically, the plaintiff argues that, because the defendant filed "at least two prior motions to open or other similar motion," an automatic appellate stay pursuant to Practice Book § 61-11 (a) did not apply and, accordingly, title has vested irrevocably in the plaintiff. We agree with the plaintiff.

We set forth the standard of review and relevant legal principles. "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable . . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy [is] capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . A case is considered moot if [the court] cannot grant the appellant any practical relief through its disposition of the merits . . . .

Because mootness implicates this court's subject matter jurisdiction, it raises a question of law over which we exercise plenary review. . . .

"This court ha[s] routinely dismissed appeals by defendants in foreclosure actions as being moot once title to the property had vested in the plaintiff. The dispositive question in those contexts is whether the law days have run so as to extinguish the defendant's equity of redemption and vest title absolutely in the plaintiff. . . . If the law days have run, no practical relief [could] follow from a determination of the merits of [the] case . . . . Accordingly, except in limited circumstances, it is not within the power of appellate courts to resuscitate the mortgagor's right of redemption or otherwise to disturb the absolute title of the redeeming encumbrancer." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Bank of New York Mellon* v. *Horsey*, 227 Conn. App. 94, 104–106, 321 A.3d 441, cert. denied, 350 Conn. 925, 326 A.3d 247 (2024).

Practice Book § 61-11 (a) provides for an automatic stay of execution in noncriminal matters. It provides in relevant part that, "[e]xcept where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed before the appeal period has expired, such proceedings shall be stayed until the final determination of the cause." Practice Book § 61-11 (a). Practice Book § 61-11 (g), however, provides that, "[i]n any action for foreclosure in which the owner of the equity has filed, and the court has denied, at least two prior motions to open or other similar motion, no automatic stay shall arise upon the court's denial of any subsequent contested motion by that party, unless the party certifies under oath, in an affidavit accompanying the motion, that the motion was filed for good cause arising

after the court's ruling on the party's most recent motion. . . .'' Therefore, ''[t]he application of § 61-11 (g) may result in the dismissal of an appeal because, [w]hen no automatic appellate stay is in effect, there is nothing to prevent the law days from passing, rendering a pending appeal from a judgment of strict foreclosure moot.'' (Internal quotation marks omitted.) *Bank of New York Mellon* v. *Horsey*, supra, 227 Conn. App. 107.

In the present case, the defendant had previously filed six motions to open and one motion to reargue and reconsider. The defendant's October 23, 2023 amended motion was not accompanied by an affidavit averring good cause that arose since the court's previous ruling on the defendant's most recent motion. See *Citigroup Global Markets Realty Corp.* v. *Christiansen*, 163 Conn. App. 635, 640, 137 A.3d 76 (2016) (pursuant to Practice Book § 61-11 (g) there was no automatic stay when motion was not accompanied by affidavit setting forth good cause). Accordingly, there was no automatic stay in effect at the time of the December 5, 2023 law days and, therefore, title vested absolutely in the plaintiff on December 5, 2023. See id., 642. Accordingly, we cannot grant the defendant any practical relief[6] and must dismiss the appeal as moot.

The appeal is dismissed.

---

[6] ''[O]ur Supreme Court and this court have recognized that [courts possess] inherent powers to provide limited forms of continuing equitable relief after the passage of the law days in 'rare and exceptional' cases . . . . The category of claims that fall within this class of cases sound in [f]raud, accident, mistake, and surprise . . . . These are rare exceptions, applicable only in unusual circumstances.'' (Citation omitted; internal quotation marks omitted.) *Bank of New York Mellon* v. *Horsey*, supra, 227 Conn. App. 106 n.8. Although the defendant's October 23, 2023 amended motion is based on a claim of fraud, upon a review of the record, we conclude that the motion does not raise a new allegation of fraud that was not previously raised in the defendant's March 13, 2023 motion and August 3, 2023 objection and previously adjudicated in the court's September 11, 2023 judgment from which the defendant did not appeal. Therefore, we conclude that the present case is not one of those rare and exceptional instances in which this court shall grant continuing equitable relief.